UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| BRIAN JAMES HAMMOND, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:07-cv-2 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| CAROL HOWES, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | |
| _____ | ) | |

       This matter is before the court on petitioner's timely objections to the report and recommendation of the magistrate judge. Petitioner is serving a sentence of 20-to-30 years imposed on June 6, 2001, by the Cass County Circuit Court after a jury found petitioner guilty of first-degree criminal sexual conduct. MICH. COMP. LAWS § 750.520(b)(1)(A). His sentence was enhanced by the trial court on a finding that petitioner was a second felony offender. MICH. COMP. LAWS § 769.10. After reviewing the petition pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings, the magistrate judge recommended that the petition be dismissed as untimely under the one-year statute of limitations applicable to section 2254 proceedings. 28 U.S.C. § 2244(d). This court must afford *de novo* review to objections to a report and recommendation on dispositive matters. FED. R. CIV. P. 72(b).

       Petitioner's objection does not attempt to meet the substance of the report and recommendation, which was based completely on the untimeliness of the petition. Petitioner's objection, to the extent that it is intelligible, appears to argue that he is "not fighting his conviction"

but is raising a "due process issue" regarding his sentence. The distinction that petitioner is attempting to make is immaterial. All federal challenges to the validity of a state sentence or conviction must be brought pursuant to 28 U.S.C. § 2254 and are governed by the rules and procedures applicable to section 2254 petitions. Therefore, the one-year statute of limitations applicable to section 2254 petitions, and all the attendant common-law rules applicable to accrual and tolling of the statute, apply to this case. Petitioner has not raised any cogent reason to conclude that the analysis of the magistrate judge concerning the limitations issue was in any way incorrect. Nevertheless, this court has conducted its own analysis of the statute of limitations issue, and concludes, as did the magistrate judge, that the limitations period expired on October 9, 2006.

Upon *de novo* review, the court concludes that petitioner's application for habeas corpus relief is time-barred. This action will therefore be dismissed on that basis.

Date:     March 24, 2007             /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE